UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MIGUEL LUGO; BERNARD FRIERSON;
JAMES ANDREWS,

                Plaintiffs,

      -against-

NEW YORK HOSPITAL OF QUEENS; 1199
SEIU UNITED HEALTHCARE WORKERS,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
16 Civ. 724 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 2 2 2016 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, District Judge:

    The plaintiffs Miguel Lugo, Bernard Frierson, and James Andrews, filed this *pro se* complaint on February 9, 2016. The Court grants the plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed, and the plaintiffs are granted thirty (30) days from the entry of this Order to file an amended complaint.

## STANDARD OF REVIEW

    Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, *pro se* complaints are held to less

1

stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## BACKGROUND

The plaintiffs' one-page complaint names New York Hospital of Queens and the 1199 SEIU United Healthcare Workers union as defendants, but does not offer any facts to support a claim or state a basis for this Court's jurisdiction. Instead, the plaintiffs state that they seek a remedy of "[r]einstatement, full back pay with benefits and have our incident expunged from our record. Defamation of character, and pain and suffering – from both parties." (Compl. at 1.) The plaintiffs also attach a letter addressed to plaintiff James Andrews, dated October 22, 2015, from the National Labor Relations Board ("NLRB") and a copy of a charge that James Andrews filed with the NLRB on February 11, 2015 against the union.

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, each plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678–79 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Each plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what each plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555. Here, the plaintiffs do not specify any federal cause of action against the named defendants.

Accordingly, the complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). In light of this Court's duty to liberally construe *pro se* complaints, the plaintiffs are given thirty (30) days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000).

The plaintiffs are directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should the plaintiffs elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth the factual allegations to support each plaintiff's claims against each named defendant. The plaintiffs cannot rely on a generalized statement of claim or other documents to replace a statement of claim. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If the plaintiffs fail to comply with this order within the time allowed, judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
February 22, 2016