UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MIGUEL LUGO; BERNARD FRIERSON;
JAMES ANDREWS,

                Plaintiffs,

                -against-

NEW YORK HOSPITAL OF QUEENS; 1199
SEIU UNITED HEALTHCARE WORKERS,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
16 Civ. 724 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 2 7 2016 ★

BROOKLYN OFFICE

**ANN M. DONNELLY,** District Judge:

The plaintiffs Miguel Lugo ("Lugo"), Bernard Frierson ("Frierson"), and James Andrews ("Andrews"), filed this *pro se* complaint on February 9, 2016. By Memorandum and Order dated February 22, 2016, the complaint was dismissed and the plaintiffs were granted thirty days from the entry of the Order to file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. On March 1, 2016, the plaintiffs filed an amended complaint against their former employer, New York Hospital of Queens ("the hospital") and their union, 1199 SEIU United Healthcare Workers ("the union"), alleging that they were terminated from their positions at the hospital in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* For the reasons discussed below, this action is dismissed without prejudice.

## BACKGROUND

The plaintiffs' original complaint did not offer any facts to support a claim or state a basis for this Court's jurisdiction. The plaintiffs' amended complaint alleges a basis for federal jurisdiction under Title VII and the ADA, but still supplies no facts to support a claim. The

1

plaintiffs state that they held the title of "stripper/waxer for Environmental Services for New York Hospital of Queens," and worked as a team, until they were terminated on May 22, 2013. (Am. Compl. at 2, 3, 4.)[1]

Prior to their date of termination, on May 10, 2013, Lugo and Andrews were called into a meeting and told by their supervisor that "you guys don't like to work! You guys are under investigation. You guys are suspended. Give me your ID Badges, keys, and pagers." (*Id.* at 3.) On May 12, 2013, Frierson was also suspended, with no reason given. (*Id.*)

The plaintiffs argue that they were not told "why [they] were being suspended until [they] got the termination notice. None of [them] ha[d] ever been suspended for any reason what so ever in [their] combined 38 years of employment at the hospital." (*Id.* at 4.) The plaintiffs further argue that proper steps were not taken in the disciplinary process and "neither party followed the protocol or procedure[ ] of the collective bargaining [contract]." (*Id.*) The plaintiffs attach an arbitration decision dated November 30, 2014, which states that the "instant grievances were untimely filed for arbitration under the provisions of the parties' collective bargaining agreement and, therefore, the grievances are not arbitrable and deemed resolved pursuant to the requirements of the collective bargaining agreement." (*Id.* at 13.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum*

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

*Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

Discrimination Claim

To the extent that the plaintiffs seek to invoke federal question jurisdiction under Title VII or the ADA, they fail to state a claim. Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). *See also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012); *Cabey v. ATRIA Senior Living*, No. 13 CV 3612, 2014 WL 794279, at *1 (E.D.N.Y. Feb. 26, 2014). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of a in regard to . . . the hiring, advancement, or discharge of employees . . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). *See also Ryan v. Grae & Rybicki P.C.*, 135 F.3d 867, 870 (2d Cir. 1998).

Even under the most liberal interpretation of the plaintiffs' allegations, they provide no facts that could possibly connect or link any adverse employment action to a protected status. *See Littlejohn v. City of NY*, --- F.3d. ---, 2015 WL 4604250, at *8 (2d Cir. Aug. 3, 2015) ("The facts

3

required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."); *Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must be pleaded to make the plaintiff's claim plausible).

Additionally, even if the plaintiffs had presented such a claim, they are each required to file a charge of discrimination with the EEOC or state agency, and each must receive a right to sue notice before bringing a claim in federal court. 42 U.S.C. § 2000e-5(e). The administrative claim must be filed with the EEOC or the state agency within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d), 633(b); *Kassner v. 2d Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n.1 (2d Cir. 2000); *Daniels v. Juniper Elbow Co.*, No. 14 CV 4898, 2015 WL 1514446, at *1 (E.D.N.Y. Apr. 2, 2015). When a plaintiff's claims fall outside the timely filing requirement, this deficit does not necessarily preclude adjudication of this suit if the plaintiff can show that he is entitled to equitable tolling. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385–86 (2d Cir. 2015) (exhaustion of administrative remedies is a precondition, rather than a jurisdictional requirement and is subject to waiver, equitable estoppel, and equitable tolling). Here, there is no indication that any of the plaintiffs have filed a charge with the EEOC.

Hybrid § 301/Fair Representation Claim

The Court has also examined whether the plaintiffs' claims could arise under Section 301 of the Labor Management Relations Act and the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, which together provide a federal cause of action against an employer and/or labor union where a plaintiff can show that the employer has breached a collective bargaining agreement and that the union breached its duty of fair representation to the plaintiff. *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983) (describing the hybrid § 301/fair representation claim, which allows "a direct challenge to the private settlement of disputes under the collective-bargaining agreement" when "the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." (citations and internal quotation marks and changes omitted)).

To bring a claim against the union, the plaintiffs must demonstrate that the union's actions or inactions were arbitrary, discriminatory, or made in bad faith. *See Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010). "A union's actions are 'arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational.'" *Id.* (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). "[I]t is well settled that a union's duty of fair representation does not require it to pursue employees' complaints regardless of their merit." *Jiggetts v. Local 32BJ, SEIU*, No. 10 Civ. 9082, 2011 WL 4056312, at *6 (S.D.N.Y. Aug. 10, 2011), *adopted by* 2011 WL 4072033 (S.D.N.Y. Sept. 13, 2011), citing *Vaca v. Sipes*, 386 U.S. 171, 191 (1967) ("The individual employee [does not have] an absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement."); and *Scott v. New*

*York Health and Human Servs. Union, 1199/SEIU*, No. 00 Civ. 9381, 2003 WL 359534, at *6 (S.D.N.Y. Feb. 6, 2003) ("A union need not pursue a grievance that it believes meritless.").

In the instant action, the plaintiffs cannot allege a hybrid § 301/fair representation claim because any such claim must have been filed in this court within six months of the alleged failure to represent. *See Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000). The statute of limitations for actions against the union accrues when the plaintiffs knew or reasonably should have known that the union breached its duty. *Ramey v. District 141, Int'l Ass'n of Machinists and Aerospace Workers*, 378 F.3d 269, 278 (2d Cir. 2004).

The plaintiffs were terminated by the hospital on May 22, 2013; the union filed for arbitration seven months later, which was untimely, and the union's grievances and demand for arbitration on the merits were dismissed by the arbitration decision on November 30, 2014. (Am. Compl. at 4, 8–14.) The plaintiffs filed the instant complaint on February 9, 2016, more than a year after the arbitration decision was issued, which is plainly in excess of the six month statute of limitations period for a hybrid § 301/fair representation claim.

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 27, 2016